The court,
after hearing arguments for and against the motion, thought proper to set aside the judgment of the circuit court on the demurrer, and to overrule the plea in abatement, as not sufficient in law to destroy the plaintiffs’ right of action, in the manner and form as set forth in the pleadings.
Inasmuch as the names of the two copartners in epse, are named in the writ as the survivors of the copartners of the late copartnership, and the whole of their names are mentioned and set forth in the declaration, which is an enlargement of the writ, with sufficient certainty; so that it might be pleaded in bar to any other suit, that ever might be commenced for the same cause of action against the defendant. The addition of Andrew Pickins £s? Co. in the writ, shews very clearly, that the suit was not commenced for the use and behoof of Andrew Pic.kins and John Owen only, but for the use and behoof of Andrew Pickins and John Owen, and others who had been connected with them in trade and commerce; and the declaration explains fully *545 and clearly who those others were, who originally formed the copartnership. So that in fact there is no variance between the writ and declaration, the latter only more fully and at large explains who the parties were to the contract originally, and who have survived to maintain the suit.
Bowie, for ^plaintiffs.
Goodxvyn, for defendant.
It is laid down by the best expositors of the law, that the declaration is an explanation of the plaintiffs’ writ, and shews more fully the foundation of the suit; and all that the law requires is, that it contain sufficient certainty for the court to give judgment on. Co. Litt. 17. a. 303. Plowd. 84, 4 Bac. Abr. 8.
In 2 Stra. 1232. a bill of Middlesex was to answer to “ the Weavers’ Company,” and the declaration was in the name of the company qui tam, for themselves as the poof of the parish; and this was held good. On the authority of this case in Strange, the same point was determined in the case of Lloyd v. Williams, 2 Bl. Rep. 722. the capias did not express that the party sued qui tam, though the declaration did. And this was likewise held good, t Wils. 392.
Judgment on demurrer in the circuit court set aside.
All the judges present.